# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR FIGUEROA, | CASE NO. 1:11-cv-01229 LJO GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| U.S. BUREAU OF PRISONS, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action . The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claim**

Plaintiff, a pro se prisoner, brings this action on behalf of other inmates. Plaintiff alleges that inmates with a hold placed on them by U.S. Immigration and Customs Enforcement (ICE) are treated differently than inmates without such a hold. Plaintiff alleges that this classification affects their ability to participate in certain programs, as well as their ability to be transferred to certain institutions.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of plaintiff's membership in a protected class. See, e.g. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). "Prisoners are protected under the Equal Protection Clause from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

If an equal protection claim does not implicate a suspect class or fundamental right, the relevant inquiry is whether the prison officials' action is "patently arbitrary and bears no rational relationship to a legitimate governmental interest." Young v. Unites States Parole Comm'n, 682

1   F.2d 1105, 1109 (5th Cir.), cert. denied, 459 U.S. 1021 (1982).

2   Plaintiff's claim is not cognizable under the Equal Protection Clause as he fails to state any allegations to show that he is a member of a protected class, that he was intentionally discriminated against, that he was subjected to disparate treatment, and that there was no rational basis for any difference in treatment he received. Plaintiff does not allege that he is treated differently than any other prisoner with an immigration hold, or that he is subjected to any disparate treatment based upon a suspect classification, such as race.[1]

Further, Plaintiff's allegations relate to the conduct of defendants as to a whole subset of inmates. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F.Supp. 779 (D.D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by Plaintiff. Any allegations of conduct by Defendants must be as to Plaintiff specifically. Allegations of conduct by defendants in general fail to state a claim for relief.

## III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no

---

[1] Regarding any claim that Plaintiff is denied transfer to a certain institution, Plaintiff is advised that prisoners have no liberty interest in being housed at a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976); United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1991)(per curiam); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991)(per curiam); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989).

3

1  "buckshot" complaints).

2       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
3  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
4  Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be
5  [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v.
6  Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

7       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
8  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
9  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
10 pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original
11 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
12 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
13 1474.

14       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

15    1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

16    2.   The Clerk's Office shall send to Plaintiff a complaint form;

17    3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
18       amended complaint;

19    4.   Plaintiff may not add any new, unrelated claims to this action via his amended
20       complaint and any attempt to do so will result in an order striking the amended
21       complaint; and

22    5.   If Plaintiff fails to file an amended complaint, the Court will recommend that this
23       action be dismissed, with prejudice, for failure to state a claim.

26  IT IS SO ORDERED.

27  Dated: **December 13, 2011**       **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE